KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 W. Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CAROLYN ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2020-CV-001126 |
| FORT HAYS STATE UNIVERSITY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM BRIEF IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Carolyn Anderson ("Carolyn"), pursuant to D. Kan. Rules 7.1(c) and 7.6, submits the following Memorandum Brief in Opposition to the Motion to Dismiss filed by Defendant Fort Hays State University ("FHSU"). For the reasons set forth below, Carolyn respectfully asserts that the Motion to Dismiss should be denied in its entirety.

### Nature of Matter Before the Court

Carolyn filed her Complaint against FHSU alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and discrimination on the basis of sex in violation of Title VII of the Civil Rights Act ("Title VII"). FHSU filed its motion to dismiss

pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. As set forth below, however, Carolyn asserts that FHSU has waived or consented to federal jurisdiction and that she has plead viable claims under both theories of recovery and that FHSU's motion to dismiss should be denied.

## Factual Background[1]

Carolyn is a 73-year old woman who was employed by FHSU beginning on or about May 16, 2014, as an instructor of accounting. Carolyn was hired for her position with the understanding that she was required to obtain her Ph.D. In February of 2019, Carolyn received her Ph.D., and Carolyn is AACSB accredited at the masters level and HLC accredited at the doctoral level. As of February of 2019, she was receiving a salary of approximately $69,000.00 per year.

Prior to being notified her contract would not be renewed, Carolyn was told she would be put on a tenure track position by the Assistant Dean of FHSU. Carolyn applied for a permanent tenure position; however, on or about April 19, 2019, FHSU notified Carolyn of her contract non-renewal and that her position was being given to a much younger male who had lesser qualifications.

The male given Carolyn's position was 35-years old, only held a masters degree, was three years away from receiving his Ph.D., and had no teaching experience at Carolyn's level. During Carolyn's employment at FHSU, she received good evaluations from her students, good evaluations from the chair of her department, and never received any meaningful disciplinary actions from FHSU. Despite Carolyn's qualifications and work performance, FHSU decided to not renew her contract and give it to the lesser qualified, younger male.

---

[1] The facts are taken from Plaintiffs' Complaint, Doc. 1.

**Issues**

FHSU's Motion to Dismiss presents the following issues for determination by the Court:

(a) Whether FHSU is entitled to Eleventh Amendment immunity against Carolyn's ADEA claim when they have consented to suit based on age discrimination?

(b) Under Federal law, should Carolyn's claim pursuant to Title VII be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief may be granted when she sufficiently plead sex discrimination?

**Legal Standards**

FHSU's Motion to Dismiss is brought pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P.12(b)(6). FHSU claims the Court does not have subject-matter jurisdiction to hear Carolyn's ADEA claim because it has Eleventh Amendment immunity. The Eleventh Amendment doctrine of sovereign immunity bars actions for damages against a State by private individuals. *Ambus v. Granite Board of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993). Universities established by the State of Kansas and governed by the Kansas Board of Regents function as alter egos of the State and share Eleventh Amendment immunities. *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1290-91 (10th Cir. 1971). However, immunity is not absolute. *Id.* at 1290. There are three exceptions to sovereign immunity. *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1285 (10th Cir. 1999). First, a state may consent to the action or waive immunity. *Id.* at 1286. Second, Congress may abrogate the states' immunity. *Id.* at 1286. Third, a party may bring suit against an individual state officer in their official capacity for injunctive relief. *Id.* at 1286. Congress attempted to abrogate states' immunity through the ADEA; however, the United States Supreme Court has held that Congress's attempt to abrogate states' Eleventh Amendment immunity in the ADEA was not a valid exercise

of its power under Section 5 of the Fourteenth Amendment. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 91 (2000). Additionally, a state may consent to suit in federal court when such consent is clear. *Brennan,* 451 F.2d at 1290. A state's waiver of immunity generally occurs when a state voluntarily invokes the jurisdiction of a federal court, or when a state makes a "clear declaration" that it intends to submit itself to a federal court's jurisdiction. *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007). Court's generally will only find waiver by express language or by overwhelming implications that the state has waived immunity or consented to federal jurisdiction. *Korgich v. Regents of New Mexico School of Mines*, 582 F.2d 549, 552 (10th Cir. 1978).

Fed.R.Civ.P. Rule 12(b)(6) enables the court to dismiss a complaint for failure to state a claim upon which relief can be granted. The court should dismiss a complaint for failure to state a claim "only if the complaint, *viewed in the light most favorable to the plaintiff*, fails to provide 'enough facts to state a claim to relief that is plausible on its face.'" *U.S., ex rel. Brian E. Connor, M.D. v. Salina Regional Health Center*, 543 F.3d 1211, 1217 (10th Cir. 2008) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court should not dismiss a Complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the Complaint, and must view these allegations in the light most favorable to the plaintiff. *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011). The Federal Rules of Civil Procedure erect a powerful presumption against dismissing pleadings for failure to state a cognizable claim for relief. *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995) (internal citations omitted). "[O]nly a complaint that

states a plausible claim for relief survives a motion to dismiss." A*shcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), the Supreme Court created "'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) [quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)]. It is also important to note that plaintiffs are not required to specifically allege all the elements of a prima facie case of discrimination in order to avoid a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Nevertheless, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192. "[G]eneral assertions of discrimination and retaliation, without any details whatsoever of events . . . , are insufficient to survive a motion to dismiss. While specific facts are not necessary, some facts are." *Id.* at 1193 [brackets, citation, and internal quotation marks omitted]. Courts routinely reject the notion that complaints must recite all the evidence needed to prevail at trial. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513-14 (2002). Instead, the "notice pleading" requirements make the complaint a starting point. *Id.* Applying these rules to the facts as alleged in the Complaint renders a dismissal improper.

## **Arguments and Authorities**

FHSU's Motion to Dismiss should be denied in its entirety because it consented to federal jurisdiction and because its motion is based entirely on an extremely rigid and inaccurate interpretation of the federal pleading requirements. Each of the Carolyn's theories of recovery are clearly outlined in her Complaint. In particular, Carolyn has outlined specific facts in support of

5

her claims, not conclusory or "formulaic recitation[s] of the elements of a cause of action". See *Robbins,* 519 F.3d at 1247. As such, viewing her allegations in the light most favorable to Carolyn, the Court should allow her claims to proceed.

**I.  FHSU has waived or consented to Carolyn's ADEA Claim.**

FHSU first contends that it is immune from suit based on the Eleventh Amendment, and that the Court does not have jurisdiction pursuant to K.S.A. 60-212(b)(1). FHSU correctly states that the United States Supreme Court has determined that Congress's attempt to abrogate States' Eleventh Amendment immunity in the ADEA was not a valid exercise of its power under Section 5 of the Fourteenth Amendment. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 91 (2000). However, a private individual may bring a claim against the State, or State agency, if it has either waived immunity or consented to suit in Federal court. *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995).

Here, FHSU has clearly made a declaration consenting to suit brought in federal court under the ADEA based on its policies and procedures or by the overwhelming implications by the written terms of its policies and procedures. Specifically, FHSU's <u>Notice of Non-Discrimination, Notice of Accessibility and Equal Employment Opportunity (Formerly Affirmative Action) Program</u> specifically states that it "does not discriminate on the basis of gender, race, religion, national origin, color, [or] *age*" and in FHSU's <u>Discrimination and Harassment Complaint Procedure</u>, it states "[a]ny university employee or student who claims to have experienced discrimination or harassment by another university employee is encouraged to contact the EEO Officer." A copy of these policies are attached hereto as Exhibit "A" and by reference made a part hereof. Also, in a certain Memorandum of Agreement between Fort Hays State University Chapter

of the American Association of University Professors and Fort Hays State University/Kansas Board of Regents, FHSU consented to and agreed that "[a]ll faculty members shall be evaluated fairly and equitably and without discrimination, pursuant to the Equal Employment Opportunity and Nondiscrimination Policies of Fort Hays State University." A copy of excerpts from the Memorandum of Agreement is attached hereto as Exhibit "B" and by reference made a part hereof. As stated in the Memorandum of Agreement, FHSU will not discriminate pursuant to the Equal Employment Opportunity. Equal Employment Opportunity laws prohibit specific tyupes of job discrimination in certain workplaces. The Equal Employment Opportunity laws encompass ADEA, American with Disabilities Act, and Title VII; therefore, FHSU has consented and subjected itself to this Court under the ADEA.

Since FHSU unequivocally states and agrees to contracts that it does not discriminate on the basis of age pursuant to the Equal Employment Opportunity, FHSU has either consented to federal jurisdiction by clear declaration or by the overwhelming implications of the written terms of its policies and agreements. By claiming immunity, FHSU contends that it can issue policies, procedures, and enter into contracts guaranteeing that it will not discriminate on the basis of age yet have no consequences when it does discriminate. Through FHSU's various policies, procedures, and agreements, it has clearly consented to being subject to federal jurisdiction under the ADEA for age discrimination. Therefore, this Court should deny FHSU's motion to dismiss Carolyn's ADEA claim pursuant to Fed.R.Civ.P. 12(b)(1).

## II. Carolyn has sufficiently plead sex discrimination to survive 12(b)(6).

Carolyn asserts a valid claim of sex discrimination in Count II of her Complaint. According to the United States Supreme Court, the plaintiff is not required to establish a prima facie case to

survive a motion to dismiss. *Swierkiewicz*, 534 U.S. at 511. Carolyn's complaint properly gives notice of her claim and the grounds for which her claim rests. Specifically, Carolyn alleges that a younger male with lesser qualifications was hired to replace her despite Carolyn having more experience and higher qualifications. Carolyn was told that she would be put on a tenure track, but instead was non-renewed and her position was filled by a male. Therefore, Carolyn has sufficiently plead her claim.

As the United States Supreme Court noted, a motion to dismiss should not be decided on whether it may appear on the face of the pleadings that a recovery is very remote and unlikely. *Id.* at 514. Instead, Carolyn only needs to state a plausible claim for relief. Instead of granting FHSU's motion to dismiss, the parties should be given the ability to proceed with discovery. If after discovery Carolyn's claim lacks merit, then it may be dealt with through summary judgment.

### III. More Definite Statement

Although Carolyn believes quite strongly that the necessary pleading requirements have been met, the proper remedy if they have not is that she be required to provide a more definite statement instead of a dismissal. The United States Supreme Court has specifically noted that if a pleading fails to specify the allegations in a sufficient manner, a defendant can move for a more definite statement under Fed.R.Civ.P. 12(e) before responding. *Swierkiewicz,* 534 U.S. at 513-14. Accordingly, the proper remedy in the event the Court feels that the Plaintiffs' extensive allegations are inadequate is to require them to file a Complaint with more specific allegations rather than dismiss the case.

### Conclusion

Applying the proper legal standards set forth above, Carolyn has stated plausible claims for relief that survive a Motion to Dismiss. FHSU has consented to ADEA claims in Federal court, and at this juncture of the case, Carolyn is not required to prove every element of her cause of action; rather, it is only required to state a cognizable claim for relief. Accordingly, Carolyn respectfully requests that the Defendant's Motion to Dismiss be denied in its entirety.

RESPECTFULLY SUBMITTED,

/s/ Larry G. Michel
Larry G. Michel, #01467
Quinn R. Kendrick, #28455
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
(785) 825-4674 [Phone]
(785) 825-5936 [Fax]
lmichel@kenberk.com
qkendrick@kenberk.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he electronically filed the forgoing Memorandum Brief in Opposition to Defendant's Motion to Dismiss with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to the following:

    Carrie A. Barney, #22872
    Stanley R. Parker, #10971
    Assistant Attorneys General/Trial Counsel
    120 SW 10th Avenue, 2nd Floor
    ATTORNEYS FOR DEFENDANT

on this 13th day of July, 2020.

                                      /s/ Larry G. Michel
                                      Larry G. Michel