UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROLYN ANDERSON,                                )
                                                 )
                    Plaintiff,                   )
                                                 )
v.                                               )          Case No. 20-1126-DDC
                                                 )
FORT HAYS STATE UNIVERSITY,                      )
                                                 )
                    Defendant.                   )

**ORDER**

Defendant Fort Hays State University has filed a motion to stay discovery and other

pretrial proceedings (ECF No. 15) pending a ruling on its motion to dismiss the complaint

(ECF No. 8).  Plaintiff does not oppose the request, and the motion to stay is granted.

The court may stay discovery if: (1) the case is likely to be finally concluded via a

dispositive motion; (2) the facts sought through discovery would not affect the resolution

of the dispositive motion; (3) discovery on all issues posed by the complaint would be

wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's

1

immunity from suit.[1]  The decision whether to stay discovery rests in the sound discretion

of the court.[2]  As a practical matter, this calls for a case-by-case determination.[3]

   The court has reviewed the record, the instant motion, and the pending dispositive

motion.   The court concludes that a brief stay of all pretrial proceedings—including

discovery and the scheduling of deadlines—is warranted until the court resolves

defendant's dispositive motion.   Defendant asserts Eleventh Amendment sovereign

immunity in the motion to dismiss.  Defendants are generally entitled to have questions of

immunity resolved before being required to engage in discovery and other pretrial

proceedings.[4]   "One of the purposes of immunity, absolute or qualified, is to spare a

defendant not only unwarranted liability, but unwarranted demands customarily imposed

upon those defending a long drawn out lawsuit."[5]  The Supreme Court has made it clear

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)); *Lofland v. City of Shawnee*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016).

[2] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[3] *Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013).

[4]*Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991).

[5]*Id*. at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability.").

that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

In addition, the court finds that a ruling on the dispositive motion could narrow this case,

making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1.     The unopposed motion to stay is granted. All pretrial proceedings in this

case, including discovery and initial disclosures, are stayed until further order of the court.

2.     The telephone scheduling conference set for September 1, 2020, at 9:00 a.m.

is cancelled.  The August 24, 2020 deadline for the parties to submit a report of planning

conference pursuant to Fed. R. Civ. P. 26(f) is vacated.

3.     Counsel shall confer and submit a Rule 26(f) planning report to the

undersigned's chambers within 14 days of all the motion to dismiss being ruled.

Dated August 21, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[6]*Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability. . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).