## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CAROLYN ANDERSON,

       Plaintiff,

v.                                   Case No. 20-1126-DDC-JPO

FORT HAYS STATE UNIVERSITY,

       Defendant.

---

### MEMORANDUM AND ORDER

Plaintiff Carolyn Anderson brings this action against defendant Fort Hays State University (FHSU) alleging age discrimination violating the Age Discrimination in Employment Act (ADEA) (Count I) and sex discrimination violating Title VII of the Civil Rights Act of 1964 (Count II).  Defendant filed a Motion to Dismiss (Doc. 8) asking the court to dismiss Count I for lack of subject matter jurisdiction and Count II for failure to state a claim for which relief may be granted.  Plaintiff filed a Response (Doc. 10).  And defendant filed a Reply (Doc. 14).

For reasons explained below, the court grants defendant's Motion to Dismiss (Doc. 8) in part, and denies it in part, as this Order sets forth.

### I.    Background[1]

In May 2014, plaintiff Carolyn Anderson began working at Fort Hays State University. Doc. 1 at 2 (Compl. ¶ 5).  She taught accounting at the university as an "instructor."  *Id.*  She "was hired to her position with the understanding that obtaining her Ph.D. was a requirement."

---

[1]      The court takes the following facts from the Complaint (Doc. 1) and views them in the light most favorable to plaintiff.  *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (explaining that the court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff]" (citation and internal quotation marks omitted)).

*Id.* (Compl. ¶ 6).  In February 2019, plaintiff received her Ph.D.  *Id.*  She "is AACSB accredited at the masters level and HLC accredited at the doctoral level, received good evaluations from her students and the chair of her department, and never received any meaningful disciplinary action from" defendant.  *Id.* (Compl. ¶ 10).

Shortly before April 19, 2019, the university's Assistant Dean told plaintiff that "she would be put on a tenure track position[.]"  *Id.* (Compl. ¶ 7).  Plaintiff "applied for a permanent tenure position[.]"  *Id.* (Compl. ¶ 8).  But on April 19, 2019, defendant notified plaintiff "that her contract was not being renewed for the following school year and someone else was being given her position."  *Id.*[2]  The "person who took her position is a much younger male who held lesser qualifications than" plaintiff.  *Id.* (Compl. ¶ 9).  The new hire was a 35-year old male who "only held a masters degree, was still three years away from receiving his Ph.D., and had no teaching experience at [plaintiff's] level."  *Id.*

## II.  Discussion

Defendant asks the court to dismiss Count I and Count II for two separate reasons.  *First*, defendant asserts that Eleventh Amendment Immunity bars plaintiff's age discrimination claim and justifies dismissal of Count I for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  *Second*, defendant asserts that plaintiff's failure to state a Title VII sex discrimination claim for which relief may be granted merits dismissal of Count II under Fed. R. Civ. P. 12(b)(6).

The court considers defendant's two attacks on the Complaint in turn.

---

[2]     The court understands plaintiff to allege that "her position" was (a) her "instructor of accounting" position that "was not being renewed for the following school year[,]" and not (b) the "permanent tenure position" that plaintiff applied for.  *See* Doc. 1 at 2 (Compl. ¶¶ 5–10).

### A.     Motion to Dismiss Count I for Lack of Subject Matter Jurisdiction

#### 1.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted).  The party invoking federal jurisdiction bears the burden to prove it exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Kinney v. Blue Dot Servs.*, 505 F. App'x 812, 814 (10th Cir. 2012) (explaining that the "court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it").  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

#### 2.  Analysis

The parties dispute whether defendant has waived its sovereign immunity under the Eleventh Amendment.  For the reasons explained below, the court concludes that it has not.

The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  But, the Supreme Court has recognized that "this immunity from suit is not absolute[.]"  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999).  The Supreme Court has "recognized only two circumstances in which

an individual may sue a State." *Id.* "First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance." *Id.* "Second, a State may waive its sovereign immunity by consenting to suit." *Id.*

The first exception to sovereign immunity doesn't apply to plaintiff's ADEA claim. Nothing in ADEA abrogated the states' sovereign immunity, or that of state officials sued in their official capacity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (holding that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals"). So, the court must consider the second exception—whether defendant has waived sovereign immunity.

"The test for determining whether a State has waived its immunity . . . is a stringent one[,]" and a "State's consent to suit must be unequivocally expressed." *Tyler v. U.S. Dep't of Educ. Rehab. Servs. Admin.*, 904 F.3d 1167, 1186 (10th Cir. 2018) (citations and internal quotation marks omitted). "In most cases, waiver of sovereign immunity occurs either when a state voluntarily invokes the jurisdiction of a federal court, or when a state makes a 'clear declaration' that it intends to submit itself to a federal court's jurisdiction." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007) (citation omitted). "Only by requiring this 'clear declaration' by the State can we be 'certain that the State in fact consents to suit.'" *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (quoting *Coll. Savings Bank*, 527 U.S. at 680). "Waiver may not be implied." *Id.*; *see also Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 552 (10th Cir. 1978) ("In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, [the court] will find waiver only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for

any other reasonable construction." (citation and internal quotation marks omitted)).  "In Kansas, the consent to suit or waiver of sovereign immunity must be based on State action, meaning legislative enactments expressing the will of the elected officials and cannot be based on acts of agents."  *Purvis v. Williams*, 73 P.3d 740, 749 (Kan. 2003)

Here, the parties appear to agree that defendant is an arm of the State of Kansas that enjoys state sovereign immunity if it has not waived immunity or otherwise consented to suit in federal court.  *See* Doc. 10 at 6–7 (Pl. Response).  Plaintiff asserts that the defendant-university is amenable to suit in federal court because it "has either consented to federal jurisdiction [1] by clear declaration or [2] by the overwhelming implications of the written terms of its policies and agreements."  *Id.* at 7.

Defendant rejects plaintiff's waiver theory for two reasons.  *First,* defendant lacks "the authority to independently waive State sovereign immunity" because "only the State Legislature has the capacity or authority to waive immunity for the State of Kansas."  Doc. 14 at 2–3 (citing *Purvis*, 73 P.3d at 749).  *Second*, "neither statutory language nor paperwork drafted by federal agencies satisfy[ies] the rules requiring clear conditions and knowing and unambiguous waivers of state sovereign immunity."  *Id.* (first citing *Coll. Sav. Bank*, 527 U.S. at 675–81; then citing *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981)).  The court agrees.

Plaintiff asserts that the university's written statements constitute a clear "declaration consenting to suit brought in federal court under the ADEA[.]"[3]  Plaintiff reasons that defendant "has consented and subjected itself to this [c]ourt under the ADEA" given defendant's statements in its discrimination-related documents (Doc. 10-1) and Memorandum of Agreement

---

[3]    *See* Doc. 10 at 6 (discussing the "written terms of [defendant's] policies and procedures" found in the university's "Notice of Non-Discrimination, Notice of Accessibility and Equal Employment Opportunity (Formerly Affirmative Action) Program" (Doc. 10-1 at 1), "Discrimination and Harassment Complaint Procedure" (Doc. 10-1 at 6), and Memorandum of Agreement (Doc. 10-2)).

(Doc. 10-2) between the university's Board of Regents and an academic professional association. Doc. 10 at 6–7.  Even if those statements conveyed—explicitly or implicitly—consent to suit in federal court, the statement's author—the university or its Board of Regents—lacks authority to waive Kansas's sovereign immunity.  *See Purvis*, 73 P.3d at 749 ("In Kansas, the consent to suit or waiver of sovereign immunity . . . cannot be based on acts of agents.").

Moreover, plaintiff decodes the university's prior statements to reveal a message that the court does not find there.  After reviewing the relevant statements in the documents plaintiff cites and provides, the court can't agree with plaintiff's assertion that "FHSU has clearly made a declaration consenting to suit brought in federal court under the ADEA[.]"  Doc. 10 at 6.  The statements that plaintiff flags say nothing about being sued in federal court.  So, a "clear declaration" is missing.  *Steadfast Ins.*, 507 F.3d at 1252–53.

An implied waiver similarly is absent.  The court cannot agree with plaintiff's assertion that FHSU "consented to federal jurisdiction . . . by the overwhelming implications of the written terms of its policies and agreements."  *Id.* at 7.  Plaintiff cites no authority to support her assertion that the university or Board of Regents's (1) stating that the university does not discriminate based on age,[4] (2) imposing "Equal Employment Opportunity and Nondiscrimination Policies[,]"[5] or (3) providing a procedure for reporting discrimination and

---

[4]      *See* Doc. 10-1 at 1 ("[FHSU] does not discriminate on the basis of . . . age in its . . . employment[.]").

[5]      *See* Doc. 10-2 at 5 ("All faculty members shall be evaluated fairly and equitably and without discrimination, pursuant to the Equal Employment Opportunity and Nondiscrimination Policies of [FHSU].").

offering information about how to seek "redress through the appropriate procedure"[6] implies consent to suit in federal court.  *See id.* at 6–7.

"Sovereign immunity principles enforce an important constitutional limitation on the power of the federal courts."  *Sossamon*, 563 U.S. at 284.  Here, no waiver of sovereign immunity presents itself.  The court thus lacks jurisdiction to entertain plaintiff's age discrimination claim against an arm of the State of Kansas.  The court grants defendant's Motion to Dismiss plaintiff's ADEA claim (Count I) for lack of subject matter jurisdiction.

The court now turns to defendant's arguments that the court also should dismiss plaintiff's Title VII claim.

### B.   Motion to Dismiss Count II for Failure to State a Claim

#### 1.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, the Supreme Court has explained, "'will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must assume that the Complaint's factual allegations are true.  *Id.* (citing *Twombly*, 550 U.S. at 555).  But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "'Threadbare recitals of the

---

[6]     *See* Doc. 10-1 at 1 ("Individuals who believe they have been discriminated against or harassed on the basis of their protected class status . . . should report such acts to the university Equal Employment Opportunity Officer who will assist the grievant in seeking redress through the appropriate procedure[.]").

elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), a Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

The court next considers whether plaintiff's Title VII sex discrimination claim satisfies this pleading standard.

## 2. Analysis

Count II of plaintiff's Complaint alleges sex discrimination under Title VII of the Civil Rights Act of 1964.[7] Doc. 1 at 3 (Compl. ¶ 18). "To set forth a prima facie case of

---

[7] Defendant only moves to dismiss plaintiff's Title VII claim under Rule 12(b)(6). It doesn't argue that the court lacks subject matter jurisdiction over the Title VII claim based on sovereign immunity, as it did with the ADEA claim. Nor could it. The Supreme Court has held that Congress validly abrogated the States' Eleventh Amendment immunity for Title VII claims under the Civil Rights Act of 1964. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976); *Crumpacker v. Kan. Dep't of Human Res.*, 338 F.3d 1163, 1169 (10th Cir. 2003). So, the court has subject matter jurisdiction over plaintiff's Title VII claim.

discrimination, a plaintiff must establish that (1) she is a member of a protected class, (2) she

suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she

was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671

F.3d 1188, 1192 (10th Cir. 2012). "A complaint raising a claim of discrimination does not need

to conclusively establish a prima facie case of discrimination, but it must contain more than

'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements.'" *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019) (quoting *Khalik*, 671 F.3d

at 1193 (internal quotation marks and further citation omitted)).

   While the law does "not mandate the pleading of any specific facts in particular, a

plaintiff must include enough context and detail to link the allegedly adverse employment action

to a discriminatory or retaliatory motive with something besides sheer speculation." *Id.* at 1274–

75 (citations and internal quotation marks omitted). "'[A] plaintiff should have'—and must

plead—'at least some relevant information to make the claims plausible on their face.'" *Id.* at

1275 (quoting *Khalik*, 671 F.3d at 1193). "Thus, it is insufficient for a plaintiff to allege, for

instance, that she did not receive an employment benefit that 'similarly situated' employees

received." *Id.* (quoting *Hwang v. Kan. State Univ.*, 753 F.3d 1159, 1164 (10th Cir. 2014)).

   Defendant implies that plaintiff fails to plead enough information to render her claims

plausible. Doc. 9 at 7 (asserting that plaintiff "only provides supposition" of age or sex

discrimination). It asserts that the while the Complaint alleges that plaintiff "was discriminated

against" given that she "was not hired into a tenured track position[,]" "[t]here simply is nothing

tying those two allegations together." Doc. 14 at 3.

   Plaintiff responds that the court "should not dismiss a Complaint for failure to state a

claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'"  Doc. 10 at 4 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  And plaintiff notes that that the Complaint "alleges that a younger male with lesser qualifications was hired to replace her despite [plaintiff] having more experience and higher qualifications."  *Id.* at 8; *see also* Doc. 1 at 2–3 (Compl. ¶¶ 9, 10, 18).

Plaintiff's reliance on *Conley*'s "no set of facts" standard is misplaced.[8]  But her Title VII claim nonetheless survives the motion to dismiss.  Under the Supreme Court's current pleading standards that the court articulated above, plaintiff alleges facts that, if true, are capable of supporting a finding or reasonable inference that defendant is liable for sex discrimination. Defendant correctly points out that merely alleging "that she did not receive an employment benefit that similarly situated employees received" falls short.  Doc. 9 at 6 (quoting *Bekkem*, 915 F.3d at 1275 (further citation and internal quotation marks omitted)).  But defendant ignores that the Complaint alleges more.  Plaintiff alleges facts about the difference in sex, credentials, and professional experience between plaintiff and the person defendant hired instead.  *See* Doc. 1 at 2–3 (Compl. ¶¶ 9, 10, 18).  These allegations belie defendant's assertions that plaintiff "only provides supposition" of age or sex discrimination and that nothing ties together plaintiff's allegations of (1) failure to hire and (2) discrimination.  *Compare id.* (Compl. ¶¶ 9, 10, 18), *with* Doc. 9 at 7 (Response) *and* Doc. 14 at 3 (Reply).

The Complaint offers more than threadbare recitals of the elements of a Title VII claim. Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" for the sex discrimination alleged.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Complaint thus contains "sufficient factual matter, accepted as true, to

---

[8]      *See Lickteig v. Wardrip Landscaping, Inc.*, No. 20-2054-DDC-GEB, 2020 WL 6134265, at *2 (D. Kan. Oct. 19, 2020) (explaining that *Conley* is "an outdated standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)" because "more than 13 years ago in *Bell Atlantic Corporation v. Twombly*, the Supreme Court overruled *Conley*'s 'no set of facts' language." (quoting *Twombly*, 550 U.S. at 563)).

state a claim to relief that is plausible on its face." *Id.* (citation and internal quotation marks omitted). So, the court declines to grant defendant's Motion to Dismiss against plaintiff's sex discrimination claim under Title VII.

## III. Conclusion

Plaintiff brings an ADEA claim for age discrimination against FHSU—an arm of the State of Kansas—but fails to show that defendant is subject to suit for that claim and that the court has subject matter jurisdiction. The court thus grants defendant's Motion to Dismiss against plaintiff's ADEA claim (Count I).

But plaintiff does allege sufficient facts capable of supporting a finding or reasonable inference of liability for sex discrimination under Title VII. Her claim is sufficient to survive defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). The court thus denies defendant's Motion to Dismiss against plaintiff's Title VII claim (Count II).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 8) is **granted** in part, and **denied** in part, as this Order defines in full.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's Motion to Dismiss Count I is **granted**.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's Motion to Dismiss Count II is **denied**.

**IT IS SO ORDERED.**

**Dated this 2nd day of February, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**